UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE

**LAKISHA WILLIAMS**, on behalf of herself
and those similarly situated,

       Plaintiff,

CASE NO.:_____

vs.

**FIRST HORIZON CORPORATION**, and
**FIRST HORIZON BANK,**

       Defendants.

_____/

## COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, LAKISHA WILLIAMS ("Williams" or "Plaintiff"), on behalf of herself and other Risk Compliance Officer employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, FIRST HORIZON CORPORATION ("FHC") and FIRST HORIZON BANK ("FHB") (FHC and FHB collectively "Defendants"), and states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges on behalf of herself and other similarly situated current and former Risk Compliance Officers of Defendants, who elect to opt-in to this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that they are: (i) entitled to unpaid wages from Defendants for overtime work for which they did not receive overtime premium pay, as required by law, (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iii) entitled to declaratory relief pursuant to 28 U.S.C. §2201 and (iv) entitled to an award of attorneys' fees and costs.

## JURISDICTION

2. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as liquidated damages; obtain declaratory relief, and reasonable attorneys' fees and costs.

3. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

4. This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

5. Venue is proper in this Court because Defendants have significant contacts and/or their principal places of business within this District.

6. Further, the acts and omissions that form the basis of the lawsuit (i.e., Defendants' establishment and enforcement of its company-wide payroll policies and the work Plaintiff performed) occurred within this District.

## PARTIES

7. At all times material hereto, Plaintiff was employed by Defendants as a Risk Compliance Officer and performed related activities for Defendants in Shelby County, Tennessee.

8. At all times material hereto Defendant, FHC was, and continues to be, a multistate publicly-owned financial institution.

9. At all times material hereto, Defendant, FHB was, and continues to be, a wholly owned subsidiary of FHC, with bank branch locations throughout 12 different states.

10. At all times material hereto, Defendants were, and continue to be, engaged in business in Tennessee, with business locations in at least 12 other states.

## COVERAGE

11. At all times material hereto Plaintiff was Defendants' "employee" within the meaning of the FLSA.

12. At all times material hereto Plaintiff was FHC's "employee" within the meaning of the FLSA.

13. At all times material hereto Plaintiff was FHB's "employee" within the meaning of the FLSA.

14. At all times material hereto, Defendants were the Plaintiff's "employer" within the meaning of the FLSA.

15. At all times material hereto, FHC was the Plaintiff's "employer" within the meaning of the FLSA.

16. At all times material hereto, FHB was the Plaintiff's "employer" within the meaning of the FLSA.

17. At all times material hereto, the Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

18. At all times material hereto, the FHC was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

19. At all times material hereto, the FHB was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

20. At all times material hereto, the annual combined gross revenues of Defendants was in excess of $500,000.00 per annum.

21. At all times material hereto, the annual gross revenues of FHC was in excess of $500,000.00 per annum.

22. At all times material hereto, the annual gross revenues of FHB was in excess of

$500,000.00 per annum.

23. At all times material hereto, Defendants operated in 2 or more states simultaneously.

24. At all times material hereto, Defendants had two (2) or more employees handling, reviewing documents, or otherwise working on goods or materials that had been moved in or produced for commerce.

25. At all times material hereto, FHC had two (2) or more employees handling, reviewing documents, or otherwise working on goods or materials that had been moved in or produced for commerce.

26. At all times material hereto, FHB had two (2) or more employees handling, reviewing documents, or otherwise working on goods or materials that had been moved in or produced for commerce.

27. At all times material hereto, Defendants employed Plaintiff within the meaning of FLSA.

28. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of her consistent interstate communications on behalf of Defendants throughout her employment, and the interstate nature of her work.

29. At all times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

30. At all times material hereto, Defendants controlled the manner in which Plaintiff's work was performed.

31. At all times material hereto, FHC controlled the manner in which Plaintiff's work was performed.

32. At all times material hereto, FHB controlled the manner in which Plaintiff's work

was performed.

33. Defendants assigned Plaintiff her specific tasks, and dictated the specific manner in which she was required to do her work.

34. The work performed by Plaintiff for Defendants required no special skill. Rather, anyone could perform the work that Plaintiff performed for Defendants with on-the-job training and the policies, procedures and job aids utilized by Defendants.

35. Neither Plaintiff nor any of the similarly-situated Risk Consultant Officers were required to have a four-year degree or a degree of advanced learning in order to obtain their position or perform the tasks required of their position.

## STATEMENT OF FACTS

36. Plaintiff was employed by Defendant as a non-exempt Risk Compliance Officer.

37. Plaintiff worked in this capacity from approximately June 2019 through June 3, 2021.

38. From at least June 2019 and continuing through March 2021, when Defendants reclassified her position, Plaintiff worked in excess of forty (40) hours per week for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

39. Despite the fact that Plaintiff, and those similarly situated to her, worked more than forty (40) hours per week, Defendants failed to pay Plaintiff, and those similarly situated to her, overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked over forty (40) in a workweek.

40. Defendants have employed and continue to employ many other individuals as Risk Compliance Officers, who performed and continue to perform the same or similar job duties under the same pay policies as Plaintiff, and whom Defendants fail to pay proper overtime.

41. Defendants have violated Title 29 U.S.C. §207 from at least February 2018 and continuing through March 2021, in that:

   a. Plaintiff worked in excess of forty (40) hours per week for her period of employment with Defendants;

   b. No payments, or insufficient payments and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

   c. Defendants have failed to maintain proper time records as mandated by the FLSA

42. Plaintiff, and those similarly situated to her, routinely worked in excess of forty (40) hours per week as part of their regular job duties.

## COUNT I
## VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

43. Plaintiff realleges and reavers paragraphs 1 through 42 the Complaint as if fully set forth herein.

44. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

45. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

46. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and

is due.

47. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

48. Based on information and belief, Defendants officially reclassified Plaintiff and other Risk Compliance Officers as non-exempt in March 2021, but have not paid for appropriate overtime prior to this reclassification.

49. Defendants' actions in this regard were/are willful and/or showed/show reckless disregard for the provisions of the FLSA as evidenced by their continued failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

50. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

51. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**PRAYER FOR RELIEF**

Wherefore, Plaintiff requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

d.  An award of unpaid wages and overtime compensation due under the FLSA;

e.  An award of liquidated damages as a result of the Defendants' willful failure to pay wages and overtime compensation pursuant to 29 U.S.C § 216;

f.  An award of prejudgment and post judgment interest;

g.  An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

h.  Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury on all questions of fact raised by the complaint.

DATED this 30th day of August, 2021.

Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch

MORGAN & MORGAN, P. A.
8151 N. Pine Island Road, Suite 4000
Plantation, FL 33324
Telephone: (954) WORKERS
Fax: (954) 327-3013
E-mail: AFrisch@forthepeople.com

-and-

C. Ryan Morgan
MORGAN & MORGAN, P.A.
20 N. Orange Ave, Suite 1600
Orlando, FL 32801
Telephone: (407) 420-1414
Fax:  (407) 245-3401
E-mail: RMorgan@fothepeople.com

*Trial Counsel for Plaintiff*